## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JAMES WYATT,**

                                         **Case No.:**

        **Plaintiff,**

**v.**

**ELBIT SYSTEMS OF AMERICA, LLC,**

        **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, James Wyatt, by and through his undersigned trial counsel and files his Complaint and Demand for Jury Trial against his former employer the Defendant, Elbit Systems of America, LLC., and as grounds states:

### *GENERAL ALLEGATIONS*

1.     This is a 3 count action by Plaintiff, James Wyatt, against the Defendant Elbit Systems of America, LLC, for violation of *Title VII* of the *Civil Rights Act of 1964, 42 U.S.C. sec.2000e* , violation of the *Age Discrimination in Employment Act, 29 U.S.C. sec. 621* and violation of *Title I* of the *Americans With Disabilities Act, 42 U.S.C.A. §§ 12111 et seq.* James Wyatt seeks damages in excess of $50,000 including reasonable attorneys' fees and costs in association with this action, which are part of this action.

### *VENUE*

2.    The actions complained of took place in DeLeon Springs, Volusia County, Florida.

3.    The evidence and employment records relevant to the allegations are maintained in this Judicial Circuit.

### *PARTIES*

4.    At all times relevant to this action, Plaintiff, James Wyatt, was and is a resident of New Smyrna Beach, Volusia County, Florida.

5.    At all times relevant to this action, the Defendant, Elbit Systems of America, LLC, was and continues to be a corporation properly licensed to conduct business in the state of Florida with its principal place of business located at 5612 Johnson Lake Road, DeLeon Springs, Florida 32130.

6.    At all times relevant to this action, the Defendant, Elbit Systems of America, LLC, employed personnel subject to the protections of *Title VII of the Civil Rights Act of 1964*, *42 U.S.C. sec.2000e,* the *Age Discrimination in Employment Act*, *29 U.S.C. sec. 621,* and *Title I* of the *Americans With Disabilities Act*, *42 U.S.C.A. §§ 12111 et seq.,* including but not limited to Plaintiff, James Wyatt.

## *BACKGROUND*

7.      Plaintiff, James Wyatt, is an African American male, approximately 64 years of age and a military veteran with a disability of chronic migraine disorder when triggered by stress.  James Wyatt is subject to the protections of *Title VII* of the *Civil Rights Act of 1964, 42 U.S.C. sec.2000e,* the *Age Discrimination in Employment Act, 29 U.S.C. sec. 621* and *Title I* of the *Americans With Disabilities Act,* 42 *U.S.C.A. §§ 12111 et seq.*

8.      The Defendant, Elbit Systems of America, LLC, employed Plaintiff, James Wyatt, for approximately 4.5 years.  By April 2024, James Wyatt held the position of Senior Vice President of Strategy, Marketing and Business Development.

9.      Plaintiff, James Wyatt, consistently maintained an above average work performance attaining promotions and achieving, at minimum, an average merit increase each year of his employment with the Defendant, Elbit Systems of America, LLC.

10.      On or about March 4, 2024, the Defendant, Elbit Systems of America, LLC, appointed a new Chief Executive Officer, Ms. Donnelly Bohan.

11.      Plaintiff, James Wyatt, reported directly to Ms. Donnelly Bohan in his position as Senior Vice President of Strategy, Marketing and Business Development at the Defendant, Elbit Systems of America, LLC.

-3-

12.     Subsequent to the appointment of Ms. Donnelly Bohan as Chief Executive Officer at the Defendant, Elbit Systems of America, LLC, and for the first time in Plaintiff, James Wyatt's employment history with Elbit Systems of America, LLC, James Wyatt's work environment became hostile. James Wyatt experienced racial bias, age discrimination and disparate treatment from Ms. Donnelly Bohan and Elbit Systems of America, LLC, which triggered his chronic migraine disorder.

13.     Ms. Donnelly Bohan's disparate treatment of Plaintiff, James Wyatt, commenced with her initial group interaction with him due to a pre-conceived bias of his racial heritage and age.

14.     Shortly after Ms. Donnelly Bohan's appointment as Chief Executive Officer at the Defendant, Elbit Systems of America, LLC, Ms. Donnelly Bohan stated to Mr. Bob Kundinger, a subordinate of Plaintiff, James Wyatt, that James Wyatt would not be with the company for much longer. Ms. Donnelly Bohan's statement to James Wyatt's subordinate undermined his credibility and authority to manage his subordinates.

15.     Ms. Donnelly Bohan unfairly and illegally targeted Plaintiff, James Wyatt, during group meetings and in the presence of James Wyatt's peers and subordinates, by speaking directly to him in a disparate and discriminatory manner, indicating a bias of James Wyatt's race and age. Ms. Donnelly Bohan made

disparaging statements regarding James Wyatt's integrity in front of his peers and subordinates, further undermining James Wyatt's credibility.  In contrast, Ms. Donnelly Bohan did not speak to other, younger meeting attendees in the same disparaging and discriminatory manner.

16.    On or about March 28, 2024, Plaintiff, James Wyatt, received a letter of merit increase for the previous year of 2023 from the Defendant, Elbit Systems of America, LLC.  James Wyatt's merit increase was only 2%, while the average merit increase was 3%.  Younger employees at the same responsibility level as James Wyatt received merit increases of at least 3%.  It was the first time in James Wyatt's employment history with Elbit Systems of America, LLC, that he was not awarded a merit increase based on his documented above average job performance.

17.    Plaintiff, James Wyatt, queried Ms. Donnelly Bohan as to the reason his merit increase was less than average and not based on his 2023 job performance.  Ms. Donnelly Bohan replied she had only been employed by the Defendant, Elbit Systems of America, LLC, for a few hours at the time merit increases were due.  She did not rely on end of year metrics which were set for each employee at Elbit Systems of America, LLC, at the start of each year.

18.    Plaintiff, James Wyatt, exceeded his 2023 performance targets for new business and met the objectives outlined by his manager at the beginning of the

year. Plaintiff, James Wyatt, met and exceeded his set goals for the year, as indicated by financial reports, unlike other, younger counterparts who clearly did not meet their targeted goals, yet were awarded a higher percentage merit increase. Ms. Donnelly Bohan arbitrarily determined James Wyatt was due a less that average increase without regard to performance and solely as a direct result of her bias towards James Wyatt's race and age.

19.    Plaintiff, James Wyatt, asserts that a lower than average merit increase percentage was not only egregious, based on his satisfactory job performance, but also would negatively impact his overall retirement package.

20.    Plaintiff, James Wyatt, asserts the Defendant, Elbit Systems of America, LLC, purposely and with the intent to discriminate against his race and age, provided him a less that average merit increase than younger caucasian employees.

21.    On or about April, 17, 2024, Plaintiff, James Wyatt, spoke with Mr. Ken Krieg, Chairman of the Sparton Proxy Board and a top management professional at the Defendant, Elbit Systems of America, LLC's DeLeon Springs location, to request an explanation for his less than average merit increase and to inform Mr. Ken Krieg of the continuous discriminatory and disparate treatment he received from Ms. Donnelly Bohan. Mr. Ken Krieg informed James Wyatt that Elbit Systems of America, LLC's board of directors did not suggest merit increase percentage levels

to Ms, Donnelly Bohan.  Ms. Donnelly Bohan maintained sole responsibility for assigning merit increase percentages and the board of directors only approved her recommendations.

22.     Plaintiff, James Wyatt, requested a private meeting with Ms. Donnelly Bohan, specifically, to politely relate his growing concern regarding the disparate and discriminatory treatment he was consistently receiving from her.  Ms. Donnelly Bohan did not relieve James Wyatt of his concern.  In fact, she demonstrated her bias towards him by telling him that in matters of opinion, her opinion "was the only one that counted."

23.     Nonetheless, Plaintiff, James Wyatt, notified management at the Defendant, Elbit Systems of America, LLC, on multiple occasions, of the disparate treatment by Ms. Donnelly Bohan.

24.     The Defendant, Elbit Systems of America, LLC, ignored Plaintiff, James Wyatt's complaint of racial bias and age discrimination.  The discrimination towards him continued.

25.     The Defendant, Elbit Systems of America, LLC's failure to act on Plaintiff, James Wyatt's behalf by investigating claims of discrimination amplified his acutely stressful work environment and culminated in the aggravation of his military disability of chronic migraine disorder.  The unrelenting targeting and

hostile work environment created by Elbit Systems of America, LLC, created significant stress for James Wyatt.

26.    Plaintiff, James Wyatt, asserts the Defendant, Elbit Systems of America, LLC, did not investigate his claim of workplace discrimination or disparate treatment for the sole reason of creating a hostile work environment in an effort to force James Wyatt to resign from his position as Senior Vice President of Strategy, Marketing and Business Development.

27.    Plaintiff, James Wyatt, states that the motive for the disparate treatment received was expressly due to racial bias, age discrimination and military disability.

28.    Plaintiff, James Wyatt, asserts that the Defendant, Elbit Systems of America, LLC, did not acknowledge his disability, although management was aware of his chronic migraine disorder.  Further, the unwillingness of Elbit Systems of America, LLC, to accommodate James Wyatt's disability negatively effected his overall health.

29.    On or about April 24, 2004, in an effort to resolve the targeted racial bias and age discrimination, and to alleviate the disparate treatment received by Ms. Donnelly Bohan, Plaintiff, James Wyatt, met with Ms. Nicole Hockley, Director of Human Resources for the Defendant, Elbit Systems of America, LLC.  James Wyatt informed Ms. Nicole Hockley of the hostile work environment created by the

discriminatory and disparate treatment toward him by Ms. Donnelly Bohan.  Ms. Nicole Hockley referred James Wyatt to the Equal Employment Opportunity Commission website for information on unlawful employment practices.

30.    Plaintiff, James Wyatt, drafted a formal discrimination complaint to submit to the Defendant, Elbit Systems of America, LLC's ethics department shortly after the meeting with Ms. Nicole Hockley.

31.    Defendant, Elbit Systems of America, LLC, terminated Plaintiff, James Wyatt's employment prior to his submission of the formal discrimination complaint.

32.    Plaintiff, James Wyatt, asserts the Defendant, Elbit Systems of America, LLC, terminated his employment in retaliation for raising the issue of discrimination and disparate treatment with Elbit Systems of America, LLC's Human Resources Director, Chairman of the Board and Chief Executive Officer.

33.    Attached is a Notice of Right to Sue received from the United States Equal Employment Opportunity Commission.[1]

34.    Plaintiff, James Wyatt, retained The Harr Law Firm to represent him in this matter and agreed to pay said firm reasonable attorney's fees.

35.    All conditions precedent to the filing of this action have occurred, been performed, or been waived.

---

[1] Exhibit "A" - Notice of Right to Sue

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.    Plaintiff, James Wyatt, re-alleges and incorporates herein the allegations contained in paragraphs 1 through 35.

37.    The Defendant, Elbit Systems of America, LLC, violated *Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec.2000e.*

38.    The discriminatory actions described above against Plaintiff, James Wyatt, by the Defendant, Elbit Systems of America, LLC, were based, in part, upon his race.

39.    The actions of the Defendant, Elbit Systems of America, LLC, against Plaintiff, James Wyatt, were based, in part, upon his race constituted discriminatory treatment in violation of *Title VII of the Civil Rights Act of 1964.*

40.    The actions described above taken by the Defendant, Elbit Systems of America, LLC, were deliberate, intentional, and malicious, or in the alternative were undertaken with reckless disregard for the civil rights of Plaintiff, James Wyatt.

41.    The Defendant, Elbit Systems of America, LLC, remains vicariously liable for the discrimination by its supervisors and managers, as it resulted in an adverse tangible employment action.

42.    As a further direct and proximate result of the wrongful acts of the Defendant, Elbit Systems of America, LLC, Plaintiff, James Wyatt, has in the past

sustained and in the future will sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, James Wyatt, demands judgment against the Defendant, Elbit Systems of America, LLC, for compensatory damages, not including reasonable attorney's fees and all allowable Court costs.

*COUNT II*

*VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT*

43.    Plaintiff, James Wyatt, re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

44.    The Defendant, Elbit Systems of America, LLC, discriminated against Plaintiff, James Wyatt, based on age discrimination in violation of the *Age Discrimination in Employment Act.*

45.    The discriminatory actions described above against Plaintiff, James Wyatt, by the Defendant, Elbit Systems of America, LLC, were based, in part, upon his age.

46.    The actions of the Defendant, Elbit Systems of America, LLC, against Plaintiff, James Wyatt, based, in part, upon his age constituted a violation of the *Age Discrimination in Employment Act.*

47.    The actions described above taken by the Defendant, Elbit Systems of America, LLC, were deliberate, intentional, and malicious, or in the alternative were

undertaken with reckless disregard for the civil rights of Plaintiff, James Wyatt.

48.    As a further direct and proximate result of the wrongful acts of the Defendant, Elbit Systems of America, LLC, Plaintiff, James Wyatt, has in the past sustained and in the future will sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, James Wyatt, demands judgment against the Defendant, Elbit Systems of America, LLC, for compensatory damages, not including reasonable attorney's fees and all allowable Court costs.

## COUNT III

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

49 .    Plaintiff, James Wyatt, re-alleges and incorporates herein the allegations contained in paragraphs 1 through 48.

50.    This Count is asserted pursuant to the *Americans with Disabilities Act*, 42 *U.S.C.A. §§ 12111 et seq.*

51.    The Defendant, Elbit Systems of America, LLC, violated the *Title I* of the *Americans with Disabilities Act.*

52.    Plaintiff, James Wyatt, is a qualified individual with disabilities as that term is defined by *Title I* of the *Americans with Disabilities Act, 42 U.S.C.A. § 12111, et seq.*

53.    Plaintiff, James Wyatt, upon hire with Elbit Systems of America, LLC,

-12-

indicated his chronic migraine disorder by notifying his prior superior that under specific circumstances, he would be unable to accept or respond to calls during a migraine episode.

54.     As set forth in the General Allegations, the Defendant, Elbit Systems of America, LLC, violated *Title II* of the *Americans with Disabilities Act* by its unwillingness to accommodate Plaintiff, James Wyatt's military related chronic migraine headache disorder with a discrimination free workplace.

**WHEREFORE**, Plaintiff, James Wyatt, demands judgment against the Defendant, Elbit Systems of America, LLC, for compensatory damages, not including reasonable attorney's fees and all allowable Court costs.

## *JURY TRIAL*

55.     Plaintiff, James Wyatt, demands a trial by jury.

Dated the 18th day of March, 2025.

Respectfully submitted,

 /s/ *Jason L. Harr*
**JASON L. HARR**
Florida Bar No.:  0194336
**THE HARR LAW FIRM**
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email:  jasonharr@harrlawfirm.com
melissamaresca@harrlawfirm.com

-13-

miriamjuarez@harrlawfirm.com
Telephone:  (386) 226-4866
**TRIAL COUNSEL FOR**
**PLAINTIFF JAMES WYATT**

Attachment:
 Exhibit "A" - EEOC Notice of Right to Sue Letter

**EXHIBIT "A"**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite
1500 Miami, FL 33131
(800)
669-4000 Website:
www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/18/2024

**To:** Mr. JAMES R. WYATT
259 Cappella Ct
    NEW SMYRNA BEACH, FL
32168 Charge No: 510-2024-08261

EEOC Representative and email: JEANETTE WOOTEN
Investigator Jeanette.Wooten@eeoc.gov

#### ~~DISMISSAL OF CHARGE~~

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

-14-

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2024-08261.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
12/18/2024
Evangeline
Hawthorne Director

Cc: Please retain this notice for your records

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE
### EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

Inverylimitedcircumstances,aU.S.DistrictCourtmayappointanattorneytorepresentindividuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC

-16-

Enclosure with EEOC Notice of Closure and Rights (01/22)

to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at
https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also
submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written
request identifying your request as a "FOIA Request" for Charge Number
510-2024-08261 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite
1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request
stating it is a "Section 83 Request" for Charge Number 510-2024-08261 to the District
Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to
Sue. After the 90 days have passed, you may request the charge file only if you have
filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests,
go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to
https://www.eeoc.gov/foia/section83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability
to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still
defined as (1) a physical or mental impairment that substantially limits one or more major
life activities (actual disability); (2) a record of a substantially limiting impairment; or (3)
being regarded as having a disability. *However, these terms are redefined, and it is easier
to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that
you share this information with your attorney and suggest that he or she consult the
amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for
either "actual" or "record of" a disability:

**The limitations from the impairment no longer must be severe or
significant** for the impairment to be considered substantially limiting.

In addition to activities such as performing manual tasks, walking, seeing, hearing,
speaking, breathing, learning, thinking, concentrating, reading, bending, and
communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"
now include the operation of major bodily functions**, such as: functions of the
immune system, special sense organs and skin; normal cell growth; and digestive,
genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory,

cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

**Only one** major life activity need be substantially limited.

Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

## "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

"Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

-18-